UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETH NEARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00728 |
| | ) |
| EMMA JEAN TISCHLER, | ) |
| PAULA TISCHLER | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
(Docs. 11, 14)

Pending before the court are Defendants Emma Jean Tischler and Paula Tischler's motion to vacate entry of default (Doc. 11) and Plaintiff Beth Neary's motion for default judgment (Doc. 14). These motions arise out of an October 2, 2019 two-car motor vehicle accident on Route 5 in the Town of Hamburg, Erie County, New York.

Plaintiff filed a Complaint against Defendants on September 23, 2022. (Doc. 1.) No responsive pleading was filed. On December 22, 2022, Plaintiff requested that the Clerk of Court enter a default against Defendants pursuant to Fed. R. Civ. P. 55(a) for failure to "appear, plead, or otherwise defend within the time allowed[.]" (Doc. 8-1 at 1, ¶ 5.) On December 27, 2022, the Clerk of Court entered default as to Defendants. (Doc. 9.)

Less than one month later, on January 23, 2023, Defendants moved to vacate the entry of default under Federal Rule of Procedure 55(c). They included a proposed answer to Plaintiff's Complaint as an attachment. (Doc. 11-7.) Plaintiff opposed the motion on February 3, 2023 (Doc. 13), and Defendants replied on February 13, 2023 (Doc. 15), at which point the court took Defendants' motion under advisement.

On February 3, 2023, Plaintiff moved for a default judgment against the Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2) (Doc. 14). Defendants opposed the motion on February 13, 2023 (Doc. 16). The court took Plaintiff's motion under advisement on February 27, 2023.

Plaintiff is represented by Leah A. Costanzo, Esq. Defendants are represented by Sean Michael Spencer, Esq.

## I. Procedural Background.

Plaintiff alleges that she was stopped at a red light when Defendant Emma Jean Tischler, operating a motor vehicle owned by Defendant Paula Tischler, struck Plaintiff's vehicle from behind. Defendant Emma Jean Tischler did not defend a traffic ticket for following too close. *See* Doc. 13-3 at 2 (police report); Doc. 13-4 at 2-10 (photographs). Plaintiff filed her complaint on September 23, 2022. After the accident took place, Defendants' insurance company, State Farm, contacted Plaintiff in October of 2022 in writing and made at least one settlement offer.[1] Plaintiff states that she "has accrued a total of $48,815.51 paid by her automobile insurance to date[.]" (Doc. 13 at 5, ¶ 17.)

## II. Conclusions of Law and Analysis.

### A. Whether to Vacate the Entry of Default under Fed. R. Civ. P. 55(c).

Defendants move to vacate the entry of default on the basis that their failure to timely appear and respond was not willful, Plaintiff would not be prejudiced if the default was set aside, and because Defendants have a meritorious defense. Plaintiff opposes the motion, arguing that Defendants' default was willful, they have not established a meritorious defense, and Plaintiff would be prejudiced if the default was vacated.

Pursuant to Federal Rule of Civil Procedure 55, "the court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Second Circuit has established "three criteria that must be assessed in order to decide whether to relieve a party from

---

[1] While parties may mention that settlement negotiations took place for notice purposes, their settlement negotiations are not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction" under Federal Rule of Evidence 408(a)(2).

2

default or from a default judgment[,]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), including: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* Courts may also consider "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.*[2] A district court is afforded broad discretion, but the Second Circuit has "emphasized the importance of having the district court explain its ruling within the framework of these criteria[.]" *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984). "Any doubts . . . 'should be resolved in favor of setting aside a default so that a determination may be made on the merits of the case.'" *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D.N.Y. 1982) (quoting *Morris v. Charnin*, 85 F.R.D. 689, 690 (S.D.N.Y. 1980)). "The movant bears the burden of demonstrating good cause for setting aside the default." *State Univ. of New York v. Triple O, LLC*, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022).

### 1. Whether the Default was Willful.

In the context of a default, willfulness refers "to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996) (concluding that filing mistake of defendant's in-house counsel's clerk was grossly negligent but not willful, deliberate, or evidence of bad faith); *Davis v. Musler*, 713 F.2d 907, 915-16 (2d Cir. 1983) (finding that default due to defendant's failure to realize that complaint and summons named him as a defendant in a second lawsuit and were not papers related to ongoing proceedings was not willful). A default may be willful when "the conduct of counsel or the litigant was egregious and . . . not satisfactorily explained." *McNulty*, 137 F.3d at 738.

---

[2] "[C]ourts apply the factors more rigorously in the case of a default judgment" than a default, "because the concepts of finality and litigation repose are more deeply implicated in" a default judgment. *Id.*

3

Defendants assert their default was not willful because although they promptly forwarded the Complaint and Summons to State Farm, it did not, in turn, timely process those pleadings and retain counsel. They characterize this as, at most, negligent and the product of human error. Defendants provide affidavits supporting this assertion.[3] "Upon receiving notice of the entry of default, State Farm recognized their error and assigned this file to Hagelin Spencer, LLC[,]" defense counsel's law firm. (Doc. 11-1 at 3, ¶ 7.)

Because Defendants' acts and omissions were neither egregious nor unexplained, but instead were merely negligent or careless, their default was not willful.

### 2. Whether Setting Aside the Default Would Prejudice Plaintiff.

"[D]elay alone is not a sufficient basis for establishing prejudice. . . . Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Davis*, 713 F.2d at 916 (internal citations omitted) (quoting 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil*, § 2699 at 536-37 (1983)). Defendants argue that there has been only a short period of delay, while Plaintiff states that vacating the default "would lead to increased difficulties in discovery and a loss of evidence" because Defendants have failed to "fulfill their legal obligations[,] . . . follow required court directives, or in any way participate in matters related to this motor vehicle accident" and thus Plaintiff anticipates that the discovery process "will be impacted by similar unresponsive and dilatory activity" to her detriment. (Doc. 13-6 at 7.)

Although Plaintiff characterizes Defendants as "unresponsive and dilatory," Defendants moved to vacate less than a month after the entry of default against them, and have filed a proposed Answer. While Defendants were alleged to have ignored this action, their insurance carrier was engaged in settlement negotiations on their behalf. Plaintiff was thus aware that Defendants intended to respond to her action. In addition, the car accident at issue in this case is alleged to have taken place on October 2, 2019,

---

[3] Although Plaintiff correctly asserts that Defendants' affidavits were unsigned when attached to their motion to vacate, Defendants have since submitted signed, sworn, and notarized affidavits. *See* Doc. 15-2.

4

and Plaintiff filed her Complaint almost three years later on September 23, 2022. *See Canfield v. VSH Restaurant Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995) ("Since only one month passed between the entry of default and defendants' filing of their belated Answers to plaintiff's complaint, and since Plaintiff's allegations are more than two years old, prejudice seems unlikely."). Plaintiff's own conduct thus does not evidence an intent to move forward with her lawsuit with the least possible amount of delay. Speculation that a party may violate a future court order or deadline is not prejudice. Considering the totality of the evidence, vacating the entry of default will not materially prejudice Plaintiff.

### 3. Whether Defendants Present a Meritorious Defense.

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil*, 10 F.3d at 98. "Although in an answer[,] general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts." *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986). "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance*, 92 F.3d at 61 (internal quotation marks omitted) (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). Defendants need not prove a likelihood their proffered defenses "will carry the day[.]" *Enron Oil*, 10 F.3d at 98.

"A court will find that a defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." *Holzman Fabian Diamonds Ltd. v. R&E Diamonds LLC*, 2019 WL 1099944, at *3 (S.D.N.Y. Mar. 18, 2019) (internal quotation marks omitted) (quoting *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013)). Courts in the Second Circuit have described this standard as "generous." *Id.* at 4; *see also Enron*, 10 F.3d at 96 ("good cause . . . should be construed generously"). "While the issue is not clearly settled, it appears . . . that a party seeking to vacate a default need only establish a defense to at least one claim—not every claim pled in the complaint—at least

5

where the claims would allow for independent awards of damages." *Wildflower + Co., Inc. v. Mood Apparel, Ltd.*, 338 F.R.D. 192, 198 (S.D.N.Y. 2021).

Defendants' proposed Answer contains affirmative defenses, including a third affirmative defense that states "Plaintiff did not sustain a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York and has not sustained economic loss greater than basic economic loss as defined in Section 5102(a)." (Doc. 11-7 at 2.) Plaintiff argues that this does not constitute a complete defense because the serious injury threshold only applies to Plaintiff's ability to recover non-economic damages, and Plaintiff also seeks basic economic losses to the extent they exceed the statutory threshold.

New York's No-Fault Law precludes recovery for basic economic loss and non-economic loss arising out of negligence in the use or operation of a motor vehicle unless the claimant has suffered a serious injury.[4] N.Y. Ins. Law § 5104. Basic economic loss is defined as "up to fifty thousand dollars per person[,]" comprised of medical costs, lost earnings, and other reasonable and necessary expenses. N.Y. Ins. Law § 5102(a). It thus does not alone satisfy the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

"Serious injury" is defined as:

a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

---

[4] Section 5104(a) of the No-Fault Law provides that "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."

N.Y. Ins. Law § 5102(d). Defendants' affirmative defense that Plaintiff did not sustain a serious injury combined with their defense that Plaintiff did not sustain economic loss in excess of the basic economic loss threshold may serve either as a complete defense or require dismissal of this action for lack of subject matter jurisdiction.

Defendants further argue that the accident and resulting injuries sustained by Plaintiff were caused by her own negligence. In the case of a rear-end collision, New York law presumes negligence on the part of the driver in the rear vehicle. *See Rodriguez v. First Student, Inc.*, 80 N.Y.S.3d 816, 818 (N.Y. App. Div. 2018) ("It is well settled that 'a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle'") (internal quotation marks omitted) (quoting *Pitchure v. Kandefer Plumbing & Heating*, 710 N.Y.S.2d 259 (N.Y. App. Div. 2000)). Defendants, however, submit a copy of Plaintiff's Bill of Particulars in another personal injury accident on or about March 2, 2016 in which Plaintiff alleges "loss of fine motor functions, blurred vision, . . . dizziness, and vertigo, among other symptoms" (Doc. 15 at 6, ¶ 18) based on a slip and fall accident that predates the accident at issue in the instant case by more than three years. Defendants argue that this raises "a serious question as to whether Plaintiff was capable of driving a vehicle safely at the time of the subject accident, as well as to what extent these symptoms affected her driving at the time of the accident." *Id.*

As Defendants have identified at least one meritorious defense, they have satisfied their burden for vacating an entry of default. *See Am. Alliance*, 92 F.3d at 61 (holding that the district court wrongfully "required conclusive evidence" of defendant's proposed meritorious defense because "the District Court was not the trier of fact on this issue and should not have required such evidence in order to permit [the defendant] to present its defense").

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron*, 10 F.3d at 96. "This result is particularly warranted given that we are considering the vacatur of an entry of default,

rather than of a default judgment" and because Fed. R. Civ. P. 55(c) requires only a finding of "good cause" to set aside an entry of default. *Gench v. HostGator.com LLC*, 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015).

In light of the Second Circuit's "strong 'preference for resolving disputes on the merits[,]'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)), the court GRANTS Defendants' motion to vacate the entry of default.

### B. Whether to Grant Default Judgment Against Defendants under Fed. R. Civ. P. 55(b)(2).

Plaintiff requests a hearing to determine a default judgment and an award of damages pursuant to Fed. R. Civ. P. 55(b)(2). She has not submitted a memorandum of law supporting her application for a default judgment. Defendants oppose the motion and, "[i]n the interest[] of judicial economy, . . . adopt[] and incorporate[] the arguments and exhibits set forth in" their motion to vacate entry of default. (Doc. 16 at 1.)

Rule 55(b) provides that the clerk may enter judgment for a sum certain and award costs against a defendant who has been defaulted for failing to appear and who is neither a minor nor an incompetent person. "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil*, 10 F.3d at 96)).

Because the entry of default has been vacated, the court DENIES AS MOOT Plaintiff's motion for a default judgment. *See Enron Oil*, 10 F.3d at 95 (explaining the Second Circuit's "oft-stated preference for resolving disputes on the merits").

8

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to vacate entry of default (Doc. 11) and DENIES Plaintiff's motion for default judgment (Doc. 14).

SO ORDERED.

Dated this 17th day of July, 2023.

Christina Reiss, District Judge
United States District Court