UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BETH A. NEARY

                              Plaintiff,

                                                    **CASE MANAGEMENT ORDER**

v.                                                  **Case No.: 1:22-cv-728-JJM**

EMMA JEAN TISCHLER and
PAULA TISCHLER

                              Defendants.

_____

        The parties having consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [4].[1]  A Fed. R. Civ. P. ("Rule") 16(b) conference with the parties having been held on October 31, 2023, it is ORDERED that:

        1.      In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[2] this case has been referred to mediation.

        2.      All motions or stipulations to join other parties and to amend or supplement the pleadings shall be filed no later than November 30, 2023.

        3.      Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than November 1, 2023.

        4.      The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court by no later than November 30, 2023.  If the parties do

---

[1]      Bracketed references are to CM-ECF docket entries.

[2]      A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with §5.4(C)(2) of the ADR Plan.

5.      All motions to join other parties and to amend the pleadings shall be filed by no later than November 30, 2023.

6.      The initial mediation session shall be held by no later than December 21, 2023. The continuation of mediation sessions will not automatically delay or defer other dates set forth in this Case Management Order.

7.      All fact discovery shall be completed by no later than March 1, 2024. If discovery disputes arise, the parties shall briefly outline the dispute by letter (not to exceed four single-spaced pages) e-mailed to chambers and opposing counsel (or mailed/e-mailed to unrepresented parties). Upon review of the letter, I will either schedule a conference with the parties to attempt to resolve the issue informally, or, if the issues in dispute are beyond what can productively be addressed in an informal discovery conference, I will set a deadline for an appropriate motion.   If a discovery conference is scheduled and the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. Since the informal discovery dispute resolution process is not expedited motion practice, parties do not waive arguments by failing to raise them in their informal submissions.  However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

8.      Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than May 1, 2024.  Each party intending to offer other expert testimony (i.e., testimony in

response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than June 1, 2024.

9.      All expert depositions shall be completed by no later than August 31, 2024.

10.      Pretrial dispositive motions, including motions pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), shall be filed by no later than September 30, 2024.The parties are directed to provide a courtesy copy of all motion papers to the Court.

11. If no pretrial dispositive motions are filed, the parties shall contact Judge McCarthy's chambers by November 1, 2024 to schedule a trial date.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension.  Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED.**

Dated:

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge