UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BETH A. NEARY,

                         Plaintiff,          **CASE MANAGEMENT ORDER**

                                         1:22-cv-00728(JJM)

v.

EMMA JEAN TISCHLER and
PAULA TISCHLER,

                         Defendants.

---

The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c).  A Fed. R. Civ. P. ("Rule") 16(b) conference with counsel for parties having been held on October 31, 2023, it is ORDERED that:

1.      In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution ("ADR"),[1] this case has been referred to mediation.

2.      As agreed to by defendants at today's conference, their Sixth Affirmative Defense alleging a lack of personal jurisdiction (Answer [18] at 2) is withdrawn.

3.      The parties do not intend to move to opt out of ADR.

4.      Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than **November 1, 2023**.

5.      The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their

---

[1]     A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

selection on the form provided by the Court by no later than **November 30, 2023**.  If the parties

do not file a stipulation confirming their selection of a mediator by this deadline, the Court will

select a mediator in accordance with §5.5(C)(2) of the ADR Plan.

6.      All motions or stipulations to join other parties and to amend or

supplement the pleadings shall be filed by no later than **November 30, 2023**.

7.      The initial mediation session shall be held by no later than **December 21,**

**2023.**  The continuation of mediation sessions will not automatically delay or defer other dates

set forth in this Case Management Order.

8.      All fact discovery shall be completed by no later than **March 1, 2024**. If

discovery disputes arise, the parties shall briefly outline the dispute by letter (not to exceed four

single-spaced pages) e-mailed to chambers and opposing counsel (or mailed/e-mailed to

unrepresented parties). Upon review of the letter, I will either schedule a conference with the

parties to attempt to resolve the issue informally, or, if the issues in dispute are beyond what can

productively be addressed in an informal discovery conference, I will set a deadline for an

appropriate motion.   If a discovery-conference is scheduled and the-dispute is not resolved

informally, the parties will be given the opportunity to file a formal motion. Since the informal

discovery dispute resolution process is not expedited motion practice, parties do not waive

arguments by failing to raise them in their informal submissions.  However, utilizing this

informal discovery process does not act to automatically toll proceedings, including Case

Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For

any disputes that require prompt attention, the parties should proceed by motion.

8.      Each party intending to offer the testimony of an expert in connection with

any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **May 1, 2024**.  Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **June 3, 2024.**

9.     All expert depositions shall be completed by no later than **September 3, 2024.**

10.     Pretrial dispositive motions, as well as any motions pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), shall be filed by no later than **September 30, 2024**.  The parties are directed to provide a courtesy copy of all motion papers to the Court.

11.     If no pretrial dispositive motions are filed, the parties shall contact Judge McCarthy's chambers by **October 7, 2024** to schedule a trial date.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension.  Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED**.

Dated: October 31, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

-3-