UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BETH A. NEARY,

                Plaintiff,

v.

EMMA JEAN TISCHLER AND PAULA TISCHLER,

                Defendants.

**DECISION AND ORDER**

1:22-cv-00728(JJM)

---

Before the court are plaintiff's motion to preclude the testimony of defendants' expert, Joseph DiDonato, III DDS [31][1] and defendants' motion to extend the deadline for completion of expert depositions and compel the deposition of plaintiff's expert, Marc Siegel, DDS [35]. Having considered the parties' submissions [31, 35, 37, 38], for the following reasons plaintiff's motion is granted, and defendants' motion is granted in part and denied in part.

**DISCUSSION**

**A. Plaintiff's Motion**

Plaintiff argues that defendants' expert disclosure was untimely, and that Dr. DiDonato's report is insufficient in any event. The disclosure was timely, since it was mailed on August 1, 2024, the deadline for expert disclosure under my Amended Case Management Order ([26], ¶1). See Gross v. Town of Cicero, 2005 WL 8167710, at *2 (N.D. Ill. 2005) ("[d]efendants' counsel was not ordered to serve the expert's report by a specific means, and service via the mail is proper pursuant to Federal Rule of Civil Procedure 5(b)(2)(B)").

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Although plaintiff argues that mail service "does not relieve defendants of their separate obligation under the Amended Case Management Report to actual[ly] *provide* the report by the date specified in the Amended Case Management Report" (Costanzo Affirmation [37], ¶4, emphasis added)", "[t]he word 'provide' means 'to supply or make available'", Brown v. Federal Express Corp., 249 F.R.D. 580, 585 (C.D. Cal. 2008), and defendants supplied their expert disclosure to plaintiff by mailing it on the deadline. Even if that were not so, Fed. R. Civ. P. ("Rule") 61 requires me to "disregard all errors and defects that do not affect any party's substantial rights", and plaintiff does not claim that her substantial rights were adversely affected by not receiving the disclosure by the August 1, 2024 deadline.

Much more troubling, however, is the sufficiency of the report itself. By letter dated July 31, 2024 [27] - just one day before the deadline for disclosure of defendants' expert - defendants requested a 60-day extension of that deadline, stating that "the records from plaintiff's treating dentist . . . are incomplete in many respects" and that their "expert is unable to complete his report and evaluation unless and until he can review the missing information". Following a teleconference with counsel on August 1, 2024, I issued a Text Order that same day [30] stating that "the deadlines of the Amended Case Management Order [26] remain in effect. Defendants may file a motion to extend their expert disclosure deadline (which expires today), in which case a briefing schedule will be set. However, absent further order of the court, that deadline is not extended".

Rather than moving to extend August 1 deadline, defendants served their expert disclosure that day. Dr. DiDonato's report states that "[b]ased on the records reviewed, there is no indication that the MVC of October 2, 2019 played any role in the integrity of the teeth" ([31-15] at 5), but notes that certain records were missing from his analysis: "[n]o radiographs to

document condition prior to MVC. No iCat (CBCT) to document condition during the course of treatment . . . . [S]everal iCat images (CBCT) that can provide added information about the condition of the implants 8 & 9 during the timeline . . . have not been provided". Id. at 5-6.

Fed. R. Evid. 702 "imposes a special obligation upon a trial judge to ensure that any and all scientific testimony is not only relevant, but reliable", Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). This obligation "applies to all expert testimony", and "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable". Id. at 147, 152.

Fed. R. Evid. 702(b) states that the proponent of expert testimony must "demonstrate[ ] to the court that it is more likely than not that . . . the testimony is based on sufficient facts or data", failing which the court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered". General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997). That is the case here. Since defendants told me on July 31 that their expert was "unable to complete his report and evaluation unless and until he can review the missing information" [27], I cannot conclude that his report issued the following day is sufficiently reliable. In fact, he admits that "[i]f additional records become available, [he] would . . . perform a *new* opinion if warranted." Id. at 6 (emphasis added).

Therefore, his testimony must be precluded. See Innis Arden Golf Club v. Pitney Bowes, Inc., 629 F. Supp. 2d 175, 190 (D. Conn. 2009) ("opinions, being based on . . . an incomplete set of data, are not scientifically valid"); Dreyer v. Ryder Automotive Carrier Group, Inc., 2005 WL 1074320, at *26 (W.D.N.Y.), objections overruled, 367 F. Supp. 2d 413 (W.D.N.Y. 2005) ("[d]ata relied upon by an expert as the basis for an opinion that is [not] verified as to its accuracy and completeness . . . should be excluded").

**B. Defendants' Motion**

While I agree that defendants could have been more diligent in seeking to schedule Dr. Siegel's deposition, they did at least make an effort, by e-mailing plaintiff's counsel on August 1 and September 26, 2024 requesting dates for his deposition. Since Dr. Siegel did not furnish an expert report,[2] the need for a deposition is crucial to defendants' ability to test his position.

Plaintiff "remains open to allowing a deposition of Dr. Siegel outside the current deadlines set by the Court", but only "on or prior to December 6, 2024". Costanzo Affirmation [38], ¶18. She further states that "[b]ased on [her] contact with [Dr. Siegel's] office regarding scheduling, he has never been adverse to appearing at an agreed upon date and there is neither a basis nor a need to compel his appearance". Id., ¶19.

Plaintiff's recently filed motion for summary judgment [39] includes Dr. Siegel's Declaration [39-7]. Before setting a deadline for defendants' response to that motion, I will give them a brief opportunity to conduct his deposition. A teleconference will be held on January 15, 2025 at 3:00 p.m. to discuss further proceedings. The parties may access the teleconference by dialing 716-764-9100 and entering conference code 121-573-632#.

**CONCLUSION**

For these reasons, plaintiff's motion to preclude [31] is granted, and defendants' motion [35] is granted to the extent that it seeks an extension of the deadline to conduct Dr.

---

[2] "[T]o the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not . . . subject to the written report requirements of Rule 26(a)(2)(B), notwithstanding that the witness may offer opinion testimony under the Federal Rules of Evidence." Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995).

- 5 -

Siegel's deposition, but denied (as unnecessary) to the extent that it seeks to compel him to appear for that deposition.

DATED: January 3, 2025

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge