UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BETH A. NEARY,

                                      Plaintiff,

                                **Civil Action No.:**

v.                                  **1:22-cv-00728**

EMMA JEAN TISCHLER and
PAULA TISCHLER,

                                       Defendants.

_____

## <u>MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS</u>

                                             Respectfully submitted,

                                           _____

                                           Sean M. Spencer, Esq.
                                           Hagelin Spencer, LLC
                                           *Attorneys for Defendants*
                                           135 Delaware Avenue, Suite 200
                                           Buffalo, New York 14202
                                           (716) 849-3500

1

## PROCEDURAL HISTORY

The procedural history is set forth in the Affirmation of Sean M. Spencer, Esq. dated February 28, 2025 and the Affidavit of Dr. DiDonato sworn to February 26, 2025 and is incorporated herein.

## ARGUMENT

## THE COURT SHOULD STRIKE PLAINTIFF'S DENTAL INJURY CLAIMS DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH RULE 26 DISCLOSURE

Federal Rule of Civil Procedure Rule 26 governs the discovery process.  Under Rule 26, parties must make initial disclosures without awaiting a discovery request.  Namely, a party must disclose materials "bearing on the nature and extent of injuries suffered."  Moreover, a party is under a duty to promptly supplement that disclosure.  Fed. R. Civ. P. 26(e).

Rule 26 provides that by signing a discovery response or disclosure, a party or its attorney "certifies that to the best of the person's knowledge, information, and belief formed *after a reasonable inquiry*[,] with respect to a disclosure, it is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)-(1)(A) (emphasis added).  The obligation to conduct a reasonable inquiry is fundamental, and although it runs first to counsel, it applies with equal force to the party itself. See, e.g., Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

Federal Rule of Civil Procedure Rule 37 deals with the failure to make disclosures or to cooperate in discovery.  The purpose of Rule 37 is to prevent parties from "sandbagging" their opponents with new evidence. Haas v. Delaware & Hudson Ry. Co., 282 F. App'x 84, 86 (2d Cir. 2008) (summary order).

"Rule 37(c)(1) provides that if a party 'without substantial justification fails to disclose information required by Rule 26(a),' the court may impose sanctions, 'including any of the actions

2

authorized under Rule 37(b)(2)(A), (B), and (C).'" MCI Worldcom Communs., Inc. v. Gamma Communs. Group, Inc., 204 F.R.D. 259, 261 (S.D.N.Y. 2001).

Under Rule 37(b)(2)(C), possible sanctions include:

> [a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof or rendering a judgment by default against the disobedient party.

The Second Circuit has considered a non-exhaustive list of factors when weighing district court judges' imposition of sanctions under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010).

Courts must be mindful that "real prejudice to a litigant may serve as a compelling consideration in support of dispositive relief," but that "a lack of prejudice should not be given significant weight in the overall analysis." Local Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr., Inc., 88 F. Supp. 3d at 263.

Deficient discovery is also sanctionable. For example, where a defendant contended over a period of over a year that they had already produced all responsive documents in their possession, but it was clear they did not and that the defendant's production was grossly inadequate (for example, they had, in one instance, prepared a spreadsheet/chart summarizing certain payrolls rather than providing the underlying information), despite plaintiff's complaints and numerous court conferences, the most severe sanction, entry of default judgment, was appropriate. Aristidou v. Aviation Port Servs., LLC, No. 18-CV-4040 (MKB) (RER), 2020 U.S. Dist. LEXIS 31348 (E.D.N.Y. Feb. 21, 2020).

Here, the prejudice to Defendants is overwhelming.

Despite Defendants' diligent efforts to obtain discovery relating to plaintiff's dental injuries, Dr. Siegel's complete dental file for plaintiff has never been disclosed and it is very clear that a significant amount of discovery is still outstanding as it relates to plaintiff's claims. Any reasonable inquiry by plaintiff, in addition to our requests identifying the documents would have led to the adequate disclosure.

Defendants have further been prejudiced since their expert disclosure was stricken on the grounds that it was inadequate when the very reason for any inadequacy was the failure of Dr. Siegel to provide his complete dental file and/or plaintiff's willful failure to obtain the complete file from her expert.

Moreover, after the close of discovery, plaintiff added a new claim for alleged fracture of the jaw. This fracture was never disclosed in plaintiff's Rule 26(a) disclosure and the plaintiff did not supplement those disclosures nor move to supplement them.

Due to the repeated and willful failure of plaintiff to comply with Rule 26, Defendants ask that plaintiff's claims of any and all dental injury be stricken from this case.

Alternatively, Defendants should be allowed to conduct additional discovery, including time to disclose a dental expert to review the claims of additional dental injury including a "fracture." It is clear that plaintiff's willful failure to provide necessary discovery is an attempt to "sandbag" Defendants.

**THIS COURT SHOULD HOLD DR. SIEGEL IN CONTEMPT FOR HIS WILLFUL REFUSAL TO PRODUCE DISCOVERY DESPITE SUBPOENA OR COMPEL HIM TO PRODUCE HIS ENTIRE FILE**

Federal Rule of Civil Procedure Rule 45 governs the issuing of and compliance with subpoenas. Rule 45(e)(1)(A) provides that "A person responding to a subpoena to produce

documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A).

Rule 45(g) provides that "[t]he court for the district where compliance is required [] may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.". Fed. R. Civ. P. 45(g).

Although the subpoena is, in a sense, the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions. Two courts of appeals have touched on the issue and have described lawyer-issued subpoenas as mandates of the court. See Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc., 893 F. 2d. 605 (3d Cir. 1990); Fisher v. Marubent Cotton Corp., 526 F. 2d 1338, 1340 (8th Cir. 1975); cf. Young v. United States ex rel Vuitton et Fils S.A., 481 U. S. 787, 821 (1987) (Scalia, J., concurring). See also Fed. R. Civ. P. 45 advisory committee's notes to 1991 amendment. Disobedience of a discovery order may also be sanctioned by a contempt order. Satcorp Int'l Group v. China Nat'l Silk Import & Export Corp., 101 F.3d 3, 5–6 (2d Cir. 1996).

Here, Dr. Siegel was served with a Subpoena Duces tecum from our office, and after repeated attempts to obtain the records through a HIPAA authorization.  As we have seen over the course of this litigation, Dr. Siegel has again and again willfully failed to provide his complete file. On this basis, Defendants ask that Dr. Siegel be held in contempt of court and appropriate sanctions be imposed upon him or he be compelled to provide his complete file.

## **CONCLUSION**

It is respectfully asserted that, for the foregoing reasons, Defendants be granted an Order (a) striking plaintiff's claims of dental injury; (b) alternatively, permitting Defendants to obtain

necessary discovery and time to disclose a dental expert; (c) holding Dr. Siegel in contempt and imposing sanctions upon him, or compelling Dr. Siegel to provide his complete dental file; and (d) awarding Defendants costs, expenses and attorney's fees for filing the instant motion.

DATED:      February 28, 2025
            Buffalo, New York

                                        Respectfully submitted,

                                        Sean M. Spencer, Esq.
                                        Hagelin Spencer, LLC
                                        *Attorneys for Defendants*
                                        135 Delaware Avenue, Suite 200
                                        Buffalo, New York 14202
                                        (716) 849-3500

TO:     Leah Costanzo, Esq.
        STEVE BOYD, P.C.
        *Attorneys for Plaintiff*
        2969 Main Street, Suite 100
        Buffalo, New York 14214
        (716) 600-0000

6